FILED

2019 Oct-02  AM 10:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JOSHUA OTWELL, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **4:19-cv-01120-ACA** |
| | ] | |
| **HOME POINT FINANCIAL CORP.,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant Home Point Financial Corporation's ("Home Point") motion for partial dismissal of the amended complaint. (Doc. 10).

Plaintiffs Joshua and Danna Lee Otwell allege that, after they successfully completed a trial payment plan on a debt they owed, mortgagee Home Point began foreclosure proceedings without offering them a loan modification or otherwise following the proper steps for foreclosure. They assert that Home Point: (1) violated the Real Estate Settlement Procedures Act ("RESPA), 12 U.S.C. § 2605 ("Count One"); (2) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ("Count Two"); (3) engaged in negligent, wanton, and/or intentional hiring and supervision of incompetent employees/agents ("Count Three"); (4) engaged in negligent and/or wanton conduct ("Count Four"); (5) invaded their privacy ("Count

Five"); and (5) engaged in misrepresentation and/or suppression ("Count Six"). (Doc. 7 at 34–42).

Home Point has moved to dismiss Counts One, Three, Four, Five, and Six for failure to state a claim, and to limit Count Two to a claim for statutory damages of $1,000.  (*See* Doc. 11).  The court **GRANTS IN PART** and **DENIES IN PART** Home Point's motion to dismiss.  Because Plaintiffs expressly concede that under Alabama law, Count Four does not state a claim, the court **DISMISSES** Count Four. However, the court finds that under the lenient standard applicable on a motion to dismiss, Plaintiffs have alleged sufficient facts to state plausible claims in Counts One, Three, Five, and Six, so the court **DENIES** the motion to dismiss Counts One, Three, Five, and Six.  Finally, the court **DENIES** the request to limit the damages under Count Two to $1,000.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff.  *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Plaintiffs allege that they took out a loan secured by a mortgage on their residence in Springville, Alabama.  (Doc. 7 at 4 ¶ 13).  The mortgage was "allegedly" assigned to Stonegate Mortgage Corporation in 2016.  (*Id.* at 4 ¶ 14).  Stonegate foreclosed on the property in 2017 but, after legal proceedings in state court,

rescinded the foreclosure sale in August 2018.  (*Id.* at 4–5 ¶¶ 16–23).  In the meantime, Defendant Home Point had acquired Stonegate and, through it, the mortgage at issue in this case.  (*See id.* at 6 ¶ 28).

At some point, Plaintiffs discussed loss mitigation options with Home Point and "filled out the paperwork Defendant Home Point said was necessary."  (Doc. 7 at 34 ¶¶ 185–86).  In September 2018, Plaintiffs entered into a trial payment plan with Home Point.  (*Id.* at 7 ¶ 35).  Around the same time, Stonegate—now a part of Home Point—dismissed its state court case against them.  (*Id.* at 5 ¶ 24).  Plaintiffs made the three payments required under the trial payment plan and have attempted to make more payments after completing the plan, but Home Point has rejected the later payments.  (*Id.* at 7 ¶¶ 36–38, 34 ¶ 188).

In February 2019, Home Point informed Plaintiffs that they were in default.  (Doc. 7 at 15 ¶ 94).  In May 2019, Home Point advertised a foreclosure sale of the property.  (*Id.* at 35 ¶ 192).  Plaintiffs allege that the foreclosure advertisements specifically named them and stated that they had defaulted on the loan.  (*Id.* at 18 ¶ 117, 33 ¶ 179, 41 ¶ 226).  In June 2019, Home Point sent Plaintiffs a letter stating that the foreclosure would occur later that month.  (*Id.* at 35 ¶ 192).  In light of this lawsuit, the foreclosure sale has been cancelled.  (*Id.* at 3 ¶ 10).

Plaintiffs allege that they have suffered damage to their reputations, damage to their credit, economic damages, monetary loss, and emotional distress manifested

by loss of sleep, worry, stomach problems, anxiousness, and elevated heart rate and blood pressure.  (Doc. 7 at 29 ¶¶ 165–66, 31–32 ¶¶ 175–76, 33 ¶¶ 180–81).

## II.    DISCUSSION

Home Point moves to dismiss Counts One, Three, Four, Five, and Six on the merits.  (Doc. 11 at 6–8, 11–19).  It concedes that Count Two states a claim but seeks to limit Plaintiffs' recovery under that count to statutory damages of $1,000.  (*Id.* at 9–10).

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'"  *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1.  Count One

In Count One, Plaintiffs allege that Home Point violated RESPA by failing to either offer them a permanent loan modification or inform them that their application for modification had been rejected, and beginning the process to foreclose on the home while Plaintiffs were still under loss mitigation review.  (Doc. 7 at 34–35 ¶¶ 189–93).  Home Point contends that the court must dismiss this count because Plaintiffs did not specifically allege that they submitted a complete loss mitigation

application, and they have not alleged "descriptive facts" showing damages.  (Doc. 11 at 8).

At the motion to dismiss stage, however, the court must construe the facts in the light most favorable to Plaintiffs, *see Butler*, 685 F.3d at 1265, and in this case, Plaintiffs alleged that they discussed loss mitigation options with Home Point, filled out "the necessary paperwork," in fact entered a trial payment plan with Home Point, and made all the payments required under that plan.  (*See* Doc. 7 at 7 ¶ 35–38, 34 ¶¶ 185–86, 188).  Construed in the light most favorable to Plaintiffs, it is reasonable to infer that they filed a complete loss mitigation application with Home Point.  As for damages, Plaintiffs allege that they have suffered damage to their reputations, damage to their credit, economic damages, monetary loss, and emotional distress manifested by loss of sleep, worry, stomach problems, anxiousness, and elevated heart rate and blood pressure. (Doc. 7 at 29 ¶¶ 165–66, 31–32 ¶¶ 175–76, 33 ¶¶ 180–81).  Those allegations suffice at this stage.  Accordingly, the court **DENIES** the motion to dismiss Count One.

2.  Count Two

In Count Two, Plaintiffs allege that Home Point violated the FDCPA in various ways.  (*See* Doc. 7 at 36 ¶¶ 197–98).  Home Point concedes that Plaintiffs have stated a claim for violation of the FDCPA, but contends that because Plaintiffs' allegations about their damages are conclusory, the court must limit any recovery to

statutory damages of $1,000.  (Doc. 11 at 9–10).  To the contrary, as set out above, under the standard used on a motion to dismiss, Plaintiffs have alleged facts supporting a claim for actual damages.  (*See* Doc. 7 at 29 ¶¶ 165–66, 31–32 ¶¶ 175–76, 33 ¶¶ 180–81).  Accordingly, the court **DENIES** the motion to limit Count Two to statutory damages of $1,000.

### 3.  Count Four[1]

In their response brief and at a scheduling conference held on September 26, 2019, Plaintiffs conceded that under current Alabama law, Count Four cannot stand. (*See* Doc. 17 at 19–20).  Accordingly, the court **GRANTS** the motion to dismiss Count Four.

### 4.  Count Five

In Count Five, Plaintiffs allege that Home Point invaded their privacy by unlawfully attempting to collect a debt, threatening to take their property, advertising that they had defaulted and would lose their home in a foreclosure, taking their money with no intention of granting a loan modification, and "any false credit reporting."  (Doc. 7 at 41–42 ¶¶ 226–27).  Home Point argues that to amount to invasion of privacy, its actions must have been unreasonable, but Plaintiffs' allegations amount to nothing more than "minor irritations and intrusions."  (Doc.

---

[1] Because Count Three relies on the claims made in Counts Four through Six, the court will address Count Three last.

11 at 17).   The parties appear to agree that Plaintiffs are relying on a wrongful-intrusion invasion of privacy claim.   (Doc. 7 at 41 ¶ 225; Doc. 11 at 13; Doc. 17 at 21–22 (citing to *Hope v. BSI Fin., Inc.*, case no. 5:12-cv-00736-AKK, 2012 WL 5379177, at *5 (N.D. Ala., Oct. 26, 2012) (addressing a wrongful-intrusion invasion of privacy claim)).

In a wrongful-intrusion invasion of privacy claim, the plaintiff must demonstrate that the defendant intruded into the plaintiff's "private activities in such manner so as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Hogin v. Cottingham*, 533 So. 2d 525, 530 (Ala. 1988) (quotation marks omitted).   Where a creditor "takes actions which exceed the bounds of reasonableness, . . . the debtor has an action [for invasion of privacy] against the creditor for injuries suffered." *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865–66 (Ala. 1985).

Plaintiffs have pleaded sufficient facts to survive a motion to dismiss.   The court highlights in particular Plaintiffs' allegation that Home Point published not just an advertisement of a foreclosure sale, but their names and the fact that they defaulted on their loan.   (*See* Doc. 7 at 33 ¶ 179, 35 ¶ 192).   Accordingly, the court **DENIES** the motion to dismiss Count Five.

5.  Count Six

In Count Six, Plaintiffs allege that Home Point engaged in misrepresentation and suppressed material facts because it represented that it would notify Plaintiffs of its decision about their request for loss mitigation, but it never did so and instead proceeded directly to foreclosure.  (Doc. 7 at 43–44 ¶¶ 236, 238).  Plaintiffs assert that if they had known these facts, they would not have agreed to the trial payment plan.  (*Id.* at 44 ¶ 244).

Under Alabama law, the elements of a fraudulent misrepresentation claim are "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation."  *Padgett v. Hughes*, 535 So.2d 140, 142 (Ala. 1988).  The elements of a fraudulent suppression claim are "(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury."  *DGB, LLC v. Hinds*, 55 So. 3d 218, 231 (Ala. 2010).

Home Point argues only that Plaintiffs could not have reasonably relied on— or been induced to act by—the trial payment plan as a guarantee of foreclosure avoidance or entry of a loan modification because a trial payment plan does not guarantee that the servicer will offer either of those options.  (Doc. 11 at 19).  In their response, Plaintiffs expressly disclaim any assertion that they relied on the trial

payment plan as a promise to modify the loan; they argue that the trial payment plan was an inducement to make payments they otherwise would not have made to Home Point.[2]  (Doc. 17 at 23).  The court finds that the facts plausibly allege that Plaintiffs entered into the trial payment plan and complied with its terms in reliance on Home Point's representation that it would consider their loss mitigation application, or that they were induced to do so by Home Point's concealment of the fact that it would not consider their application.

Finally, Home Point contends that it owed no duty of disclosure to Plaintiffs. (Doc. 11 at 19).  A duty to disclose "exists only if there are 'confidential relations' or 'particular circumstances' which give rise to an obligation to communicate." *Wolff v. Allstate Life Ins. Co.*, 985 F.2d 1524, 1529 (11th Cir. 1993) (quoting Ala. Code. § 6-5-102).  The court finds that, under the standard applicable on a motion to dismiss, the "particular circumstances" of this case could give rise to a duty to disclose that Home Point had no intention of considering a completed loss mitigation application.  Accordingly, the court **DENIES** Home Point's motion to dismiss Count Six.

---

[2] Plaintiffs also argue in their response that, in reliance on the trial payment plan, they dropped claims that they had asserted in the state court lawsuit.  (Doc. 17 at 23).  Home Point does not address that assertion.

6.  Count Three

In Count Three, Plaintiffs allege negligent, wanton, and/or intentional hiring and supervision of incompetent employees/agents.  (Doc. 7 at 36–38).  Home Point contends that dismissal of this count is appropriate because Alabama law does not permit claims of negligence or wantonness arising from duties that are contractual in nature, or alternatively because this claim depends on the existence of an underlying tort, and Plaintiffs' other state law tort claims fail.  (Doc. 11 at 11–12).  Plaintiffs do not respond to Home Point's first argument and argue only that because their other claims survive, so should this one.  (Doc. 17 at 19).

To establish negligent, wanton, and/or intentional hiring and supervision, the plaintiff must establish (1) "the underlying wrongful conduct of employees"; and (2) that the employer knew or should have known of the wrongful conduct.  *Voyager Ins. Co. v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003).  A number of federal courts have found that because Alabama law does not provide a cause of action for negligent or wanton servicing of a mortgage, negligent or wanton servicing of a mortgage cannot provide the underlying wrongful conduct to support a claim of negligent or wanton hiring or supervision.  *See James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190, 1200–01 (S.D. Ala. 2015); *Costine v. BAC Home Loans*, 946 F. Supp. 2d 1224, 1235 (N.D. Ala. 2013); *Tidmore v. Bank of Am., N.A.*, no. 4:15-cv-2210-JEO, 2017 WL 467473, at *4–6 (N.D. Ala. Feb. 3, 2017).  But in this case,

the underlying tortious conduct alleged is invasion of privacy and fraud, and the court has found that those claims survive Home Point's motion to dismiss. (*See* Doc. 7 at 37 ¶ 202). Because invasion of privacy and fraud can provide the underlying wrongful conduct for a claim of negligent or wanton hiring or supervision, the court **DENIES** the motion to dismiss Count Three.

### III.   CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Home Point's motion to dismiss the amended complaint. The court **GRANTS** the motion and **DISMISSES** Count Four **WITH PREJUDICE**. The court **DENIES** the motion with respect to Counts One, Two, Three, Five, and Six.

**DONE** and **ORDERED** this October 2, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE