IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DVISION

| | |
|---|---|
| JOSHUA OTWELL<br>and DANNA LEE OTWELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOME POINT FINANCIAL CORP.,<br><br>    Defendant. | Case No. 4:19-cv-01120-ACA |

**DEFENDANT'S REPLY
TO PLAINTIFFS' RESPONSE TO SUMMARY JUDGMENT**

Comes now the Defendant, Home Point Financial Corp., to reply to the Plaintiffs' Response [doc. 34] to its Motion for Summary Judgment [docs. 26-28]. Plaintiffs' claim for negligent and wanton conduct (Count IV) was dismissed by the court with prejudice on October 2, 2020 [order, doc. 21]. Since then the parties have stipulated to the dismissal of Plaintiffs' claims for negligent and wanton supervision (Count III) and fraud or suppression (Count VI) with prejudice [Stip. of Dismissal, doc. 36]. Home Point states as follows in support of its Motion for Summary Judgment as to Plaintiffs' three remaining claims under RESPA (Count I), the FDCPA (Count II), and invasion of privacy (Count V):

## I.     The Otwells have no evidence of a RESPA violation.

The Otwells claim that after agreeing to and completing a three-month Trial Payment Plan (a "TPP"), Home Point violated RESPA by failing to offer them a loan modification and taking steps to foreclose while the Otwells were still "under loss mitigation review." Am. Compl., doc. 34, pgs. 34-35, ¶¶188-191. This claim was proven false when Home Point introduced copies of the loan modification [doc. 26-10] and proof of its delivery to the Otwells [doc. 27-2]. All the collection efforts at issue in this claim – and Plaintiffs' other remaining claims - came after the Otwells' failed to sign or return the loan modification [doc. 27-1, see also Home Point Affidavit, doc. 26-6, pg. 3, ¶10]. This evidence resolves the alleged RESPA violation – and similarly all Plaintiffs' other claims - in favor of Home Point. Judgment is due in its favor as a matter of law.

Now that they can no longer deny its existence, the Otwells suggest that they were confused about the modification and that a genuine issue under RESPA arose when Home Point refused to provide a "clarification." MSJ Response, doc. 34, pgs. 18-20. No authority is cited – or known to exist – that would support this contention. RESPA does not even require that Home Point provide the Otwells a loan modification, or any default mitigation option for that matter. RESPA requires only that the Otwells be considered for available mitigation options – which they were – and afforded a brief respite from foreclosure proceedings during the process

– which was afforded. MSJ Response, doc. 19 (discussing generally application of 12 C.F.R. §1024.41(b) and (c)). This new excuse for the Otwells non-performance does not give rise to any RESPA issues.

Consider too that the excuse is not credible. The TPP refers explicitly to "FHA Partial Claim" [doc. 26-9, pg. 1]. An industry term, that should be well familiar to the Otwells' well-experienced legal counsel, an "FHA Partial Claim" is a government program for mortgage relief offered by the Federal Housing Authority, a division of the Department of Housing and Urban Development. www.hud.gov/program_offices/housing/sfh/nsc/lossmit. An FHA Partial Claim cures the defaulting borrower's past due balance, bringing the loan current and allowing it to be reinstated. *Id.* In exchange HUD takes a promissory note from the defaulting borrower and a subordinate mortgage on the property. *Id.* It is most telling that the Otwells' summary judgment response portends a material flaw in the modification is its inclusion of a note and mortgage "made payable to the government, not Home Point" [Response, doc. 34, pg. 18]. If this was a surprise to the Otwells, what exactly did they think the TPP meant by an FHA Partial Claim? The inclusion of the government, not Home Point, is the very namesake feature of an FHA Partial Claim. The loan modification package offered to the Otwells fits the exact model of an FHA Partial Claim. It includes a promissory note [doc. 26-10, pgs. 2-3] and a partial claim mortgage [Id. pgs. 4-7], each made to the benefit

of HUD. These documents are not unusual, incorrect, or overly confusing, they are exactly what the Otwells signed up for in the TPP.

The Otwells failed to complete the TPP by failing to sign and send back the loan modification. This failure, not any action or omission by Home Point, is the one true cause of the subsequent foreclosure activities. Home Point has not failed in any measure to comply with RESPA or the TPP. Home Point is not to blame for the Otwells' failure. In the absence of evidence that Home Point violated RESPA, there can be no genuine issue as to any material fact, so Home Point is entitled to a judgment in its favor as a matter of law.

## II.     **The Otwells have no evidence of an FDCPA violation.**

The Otwells' three-paragraph, shotgun-style FDCPA claim incorporates one hundred sixty-eight separate averments by reference, offering only that the acts and omissions described "violate the FDCPA." Am. Compl. doc. 7, pg. 36, ¶¶197-199. The paragraphs incorporated by reference include an "Introduction" [doc. 7, ¶¶4-12], a description of a prior lawsuit [¶¶13-25], background information about the transfer of the Otwells' loan to Home Point [¶¶26-34], and a host of other averments unrelated to issues governed by the FDCPA. Of the pertinent averments, the Otwells designate what would otherwise be regarded as ordinary foreclosure efforts – e.g. account statements, door hangers, newspaper ads, foreclosure notices, etc. – as violations of the FDCPA, made so by an alleged lack of legal authority

arising from Home Point's alleged failure to offer a permanent modification after completion of the TPP. See e.g. Am. Compl. doc. 7, ¶¶115-133 and 170-176. Again, the dispositive evidence is copies of the loan modification offered to the Otwells and proof of its delivery in December 2019 [docs. 26-10 and 27-2]. The Otwells' summary judgment response does not offer any evidence or analysis to contest these facts, or the disposition of their FDCPA claim. Instead, the Otwells again attempt to shift the focus to allegations about more nebulous concepts.

The Otwells argue that Home Point's notice of default and notice of acceleration are improper because they are combined into one letter [Response, doc. 34, pgs. 23-25]. However, the record includes the two separate documents: the notice of default [doc. 26-12, pgs. 1-2] and the notice of acceleration [doc. 26-12, pgs. 3-5]. The Otwells' response also critiques the loan balance listed, late charges, dates, and other items they say are incorrect in the notices [doc. 34, pgs. 25-29]. No evidence is cited or attached to confirm the improprieties suggested. The Otwells also omit citation of any legal authority that would support a verdict in their favor based upon any of their assigned critiques. This response fails to raise or support the existence of a genuine issue of material fact. There being no issue then left for trial in relation to the FDCPA, Home Point is entitled to a judgment in its favor on this claim as a matter of law.

### III.   The Otwells have not alleged and cannot prove an invasion of privacy

The signature characteristic of the sort of invasion of privacy claimed here arises from a course of conduct that exceeds the bounds of reasonable behavior and is repeated with such persistence and frequency as to become a course of "hounding." Restatement (Second) of Torts §652B(d) (1977). Alabama courts have found such "hounding" where creditors telephoned the debtor's home and place of employment twenty-eight to thirty-five times and went to the debtor's place of employment to call him a "deadbeat" and a "son of a bitch," and also in where a creditor engaged a deliberate "systematic campaign of harassment" based on approximately twenty phone calls within a period of about one month, late at night and early in the morning, at home, at work, and to the debtor's parents. *Jacksonville State Bank v. Barnwell*, 481 So.2d 863, 865-66 (Ala.1985); *Black v. Aegis Consumer Funding Group, Inc.*, 2001 WL 228062, at *4–7 (S.D. Ala. Feb. 8, 2001).

The claim here is plainly an attempt by the Otwells to abide now customary plaintiff's strategy of stretching the circumstances to fit as many potential claims as possible. The Otwells do not even allege the signature course of "hounding." Instead, just as they have in their other claims, the Otwells suggest that Home Point's normal, contractually and statutorily mandated, pre-foreclosure communications [Response, doc. 34, pgs. 4-10 and generally Am. Compl., doc. 7,

¶¶ 69-163], are somehow transformed into "patently <u>unreasonable</u>" conduct due to the alleged failure to complete the TPP.  This failure, the Otwells' sugges, undermines Home Point's right to foreclose.

Even if the facts alleged are accepted as true, there is no case or other authority cited - or known to exist - that would allow the standard collection activities alleged here to be interpreted as a course of conduct repeated with such persistence and frequency as to become a course of "hounding." The Otwells' have failed to state a claim for invasion of privacy upon which relief can be granted.

Moreover, the evidence submitted in support of Home Point's motion for summary judgment demonstrates that Home Point complied with the terms of the TPP, dispelling conclusively the Otwells' most fundamental premise: that Home Point's failure to comply with the TPP rendered illegal all its subsequent debt collection activities. The Otwells' summary judgment response supplies no further evidence on this subject. Thus, there being no potential issue of material fact left in relation to an invasion of privacy, Home Point is entitled a judgment in its favor on this claim as a matter of law.

For all the reasons stated herein, Home Point moves the Court to enter summary judgment in its favor on all the Otwells' remaining claims.

Respectfully submitted on December 7, 2020.

   *s/ Timothy P. Pittman* _____
Timothy P. Pittman (ASB-0075-I51P)
**RUBIN LUBLIN, LLC**
200 Clinton Avenue West, Suite 406
Huntsville, AL 35801
Tel:   (678) 281-2972
Fax:  (404) 601-5095
tpittman@rlselaw.com
*Attorney for Home Point*

## CERTIFICATE OF SERVICE

I, Timothy P. Pittman, certify that on December 7, 2020, a true and correct copy of the foregoing was served upon all parties as follows:

John G. Watts                          *via CM/ECF email*
M. Stan Herring
Watts & Herring, LLC
301 19th Street North
Birmingham, AL 35203
john@wattsherring.com
stan@wattsherring.com

   *s/ Timothy P. Pittman* _____
Timothy P. Pittman (ASB-0075-I51P)