FILED

2021 Apr-23  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

JOSHUA OTWELL, et al.,          ]

                                  ]

   **Plaintiffs,**            ]

                                  ]

**v.**                         ]          **4:19-cv-01120-ACA**

                                  ]

**HOME POINT FINANCIAL CORP.,**   ]

                                  ]

   **Defendant.**            ]

## ORDER

Before the court are (1) Plaintiffs Joshua and Danna Lee Otwell's motion for reconsideration of the court's February 9, 2021 memorandum opinion and partial judgment (doc. 48), and (2) Defendant Home Point Financial Corporation's ("Home Point") motion to strike affidavits the Otwells submitted with their motion for reconsideration (doc. 50).

The Otwells assert claims against Home Point for (1) violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 ("Count One"); and (2) violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ("Count Two"). (Doc. 7 at 34–36). Their amended complaint seeks statutory and compensatory damages. (*Id.*). After Home Point moved for summary judgment, the Otwells submitted their own affidavits attesting that Home Point's actions caused them mental anguish and emotional distress, including anger, anxiety, confusion,

worry, embarrassment, hopelessness, relationship stress leading them to consider separation, weight gain, sleep loss, fear of answering the door and telephone, fear of checking the mailbox, and high blood pressure caused by the stress and anxiety. (Doc. 32-1 at 8–9 ¶¶ 35–43; Doc. 32-10 at 7–12 ¶¶ 33–45).

On February 8, 2021, the court granted in part and denied in part Home Point's motion for summary judgment. (Docs. 40, 41). In relevant part, the court granted the motion and entered summary judgment in Home Point's favor on the Otwells' claims for emotional distress damages. (Doc. 40 at 10–14; Doc. 41). In doing so, the court noted that "[t]he Eleventh Circuit has not squarely addressed the evidentiary requirement for a claim of emotional distress damages in the context of a consumer protection statute," and therefore adopted the standard set out in *Lodge v. Kondaur Capital Corporation*, 750 F.3d 1263 (11th Cir. 2014), a case arising from a willful violation of the automatic stay under the Bankruptcy Code. (Doc. 40 at 10–11). The court found that, under the *Lodge* standard, the Otwells had not presented sufficient evidence to withstand a motion for summary judgment, and granted Home Point's motion with respect to the claims for emotional distress damages. (*Id.* at 12–13).

The Otwells now ask the court to reconsider that conclusion, arguing that the court clearly erred in applying the *Lodge* standard for emotional distress damages in the RESPA and FDCPA context. (Doc. 48). In support of their motion for

reconsideration, they submit affidavits from themselves giving more detailed explanations of the emotional distress they suffered.  (Docs. 48-1, 48-2).  Home Point opposes reconsideration (doc. 51) and moves to strike the new affidavits (doc. 50).

For the reasons that follow, the court **DENIES** Home Point's motion to strike, **GRANTS** the Otwells' motion for reconsideration, and **VACATES** the grant of summary judgment on the Otwells' claims for emotional distress damages.  This order does not affect the grant of summary judgment to Home Point on the Otwells' claim for statutory damages in Count One or the grant of summary judgment to Home Point on the Otwells' claim for invasion of privacy.

### I.      MOTION TO STRIKE

Home Point contends that the court should strike the Otwells' new affidavits because they are untimely, they are sham affidavits, and they contain inadmissible testimony.  (Doc. 50).  The court will consider the timeliness of the affidavits in determining whether to grant reconsideration, but it will not strike them for being filed late.  The court also will not strike them as "sham affidavits" because they do not "flatly contradict . . . prior . . . testimony." *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016).  Finally, the court will not strike them for containing inadmissible testimony because the attestations are made on personal knowledge and about matters that the Otwells are competent to testify about.  *See*

Fed. R. Civ. P. 56(c)(4).   The court therefore **DENIES** Home Point's motion to strike the new affidavits.

## II.    MOTION FOR RECONSIDERATION

The Otwells move for reconsideration of the court's grant of summary judgment on their claims for emotional distress damages.    (Doc. 48). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly."  *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006).  Reconsideration is available only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

Here, the Otwells appear to argue that reconsideration is warranted based on new evidence and the need to correct clear error.  (*See generally* Doc. 48).  The court rejects the argument that the affidavits attached to the motion for reconsideration are new evidence, unavailable during the summary judgment proceedings, but concludes that it clearly erred by adopting the *Lodge* standard in the RESPA and FDCPA context.

First, a party moving for reconsideration based on new evidence must establish "that the evidence was not available during the pendency of the motion."

*Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).  The Otwells have not made that showing.  Home Point's motion for summary judgment put the Otwells on notice that it was challenging their ability to prove damages: Home Point expressly argued that "the Otwells possess no receipts, checks, expert medical opinions, diagnoses, documents, pictures, or other substantial evidence necessary to support the conclusion that they incurred any actual damages with a causal link to any RESPA violation" (doc. 28 at 9) and that "the Otwells again do not have any proof necessary to sustain an award of actual . . . damages" on the FDCPA claim (*id.* at 10).  There is no reason the Otwells could not have provided the details supplied in their new affidavits in opposition to the motion for summary judgment. Accordingly, although the affidavits are new, they are not newly available, and the court will not consider them in determining whether to grant the motion for reconsideration.

However, the Otwells also argue that the court clearly erred by adopting the *Lodge* standard for emotional distress damages in the RESPA and FDCPA context. The court agrees.  As the Otwells argue, the Eleventh Circuit has upheld awards of emotional distress damages based on similar levels of evidence in other, non-bankruptcy cases.  For example, in *Marchisio v. Carrington Mortgage Services, LLC*, 919 F.3d 1288, 1304 (11th Cir. 2019), a case involving the Fair Credit Reporting Act, the Eleventh Circuit noted that the plaintiffs had presented sufficient

evidence of emotional distress and causation to survive summary judgment where the plaintiff testified that the defendant's actions caused him anxiety, rapid heartbeats, and marital strife.

In *Marchisio*, the plaintiff had been locked in a long legal battle with the defendant over the defendant's reporting on a non-existent debt. 919 F.3d at 1297–1300. After settling a lawsuit, the defendant violated the terms of the settlement agreement and continued misreporting the debt, prompting the plaintiff to file a second lawsuit under the Fair Credit Reporting Act. *Id.* at 1300. The district court concluded that the plaintiff could not prevail on a claim for emotional distress damages based on the defendant's later actions because the defendant's earlier actions had actually caused the plaintiff's emotional distress. *Id.* at 1304. The Eleventh Circuit reversed on the ground that the plaintiff had testified that the defendant's later actions exacerbated his emotional distress. *Id.* Although the *Marchisio* decision was focused on causation instead of the sufficiency of the evidence of emotional distress, the Court held that the plaintiff's "testimony raises genuine issues of material fact concerning emotional distress." *Id.* The Eleventh Circuit's opinion necessarily concluded that the evidence of emotional distress was sufficient to survive summary judgment.

Similarly, in *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 899 (11th Cir. 2011), an employment discrimination case, a jury awarded mental anguish damages to the

plaintiff and the defendant moved for remittitur, which the district court denied.  *Id.*

at 890.   The Eleventh Circuit affirmed the denial of the motion for remittitur,

explaining that sufficient evidence of emotional distress damages supported the

mental anguish award.  *Id.* at 899–900.  Specifically, the plaintiff had testified that

the defendant's actions "caused him to become physically ill: he could not eat or

sleep; he was nauseated; he had chest pains, digestive problems, and numbness in

his arm.  He lost about 40 pounds between July and November 1995. . . .  He lost his

self-esteem."   *Id.* at 899.   The plaintiff's wife testified that until the racially

discriminatory employment decision, "the couple had no marital problems," but after

the defendant denied him a promotion, his relationship with his wife and children

deteriorated.  *Id.* at 900.  She also testified that he lost weight and often vomited

before work.  *Id.*  In addition, a coworker testified that in 20 years, she had "never

really seen [the plaintiff] emotional," but after the denial of the promotion he was

more upset than she had ever seen him.  *Id.*

By contrast, in *Akouri v. State of Florida Department of Transportation*, 408

F.3d 1338, 1344 (11th Cir. 2005), a case involving a constitutional violation, the

Eleventh Circuit affirmed the district court's decision to set aside a jury award for

emotional damages because the plaintiff "made no attempt to describe any kind of

harm, mental, emotional, or otherwise, arising from the discrimination."  *Id.* at 1345.

The Eleventh Circuit specifically noted that "general compensatory damages, as

7

opposed to special damages, need not be proven with a high degree of specificity," *id.*, and that the plaintiff could have proved his emotional distress by answering "one or more direct questions during his testimony," *id.* at 1346 n.6.

These cases persuade the court that it clearly erred in adopting the *Lodge* standard for emotional distress outside the bankruptcy context. Accordingly, the court **GRANTS** the motion to reconsider.

Moreover, after reconsidering under the correct standard, as set out in *Akouri*, *Ash*, and *Marchisio*, the court concludes that the Otwells' evidence of emotional distress is sufficient to survive summary judgment. In opposition to the motion for summary judgment, the Otwells each submitted an affidavit in which they described feeling anger, anxiety, confusion, worry, embarrassment, hopelessness, relationship stress leading them to consider separation, weight gain, sleep loss, fear of answering the door and telephone, fear of checking the mailbox, and high blood pressure caused by the stress and anxiety. (Doc. 32-1 at 8–9 ¶¶ 35–43; Doc. 32-10 at 7–12 ¶¶ 33–45). Mr. Otwell also specifically explained that Home Point's "send[ing] us a new loan without explanation, sending us a false default letter, [and] contacting us instead of our lawyers," among other actions, caused the emotional distress he describes. (Doc. 32-1 at 7 ¶ 35, 8 ¶ 38). Likewise, Ms. Otwell attested that Home Point's "actions in not providing us a loan modification, but instead some partial loan without explanation . . . cause[d] me to experience" the emotional distress she

described.  (Doc. 32-10 at 7 ¶ 33).  Accordingly, the court concludes that the Otwells have presented enough evidence to create a genuine dispute of material fact about whether Home Point's actions caused their emotional distress.  The court therefore **DENIES** the motion for summary judgment with respect to the RESPA and FDCPA claims seeking emotional distress damages.

### III.   CONCLUSION

The court **DENIES** Home Point's motion to strike.  The court **GRANTS** the Otwells' motion for reconsideration.  On reconsideration, the court **DENIES** Home Point's motion for summary judgment on the Otwells' claims for emotional distress damages in Counts One and Two.  The court's reconsideration does not affect the grant of summary judgment in Home Point's favor on the Otwells' claim for statutory damages in Count One or the grant of summary judgment in Home Point's favor on Count Five.

The court **VACATES** the partial judgment entered on February 9, 2021. (Doc. 41).  The court will enter an amended partial judgment consistent with this order.

**DONE** and **ORDERED** this April 23, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE