# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JOSHUA OTWELL<br>and DANNA LEE OTWELL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>HOME POINT FINANCIAL CORP.,<br><br>　　　　Defendant. | Case No. 4:19-cv-01120-ACA |

## HOME POINT FINANCIAL'S BRIEF REGARDING RESPA STANDING

COMES NOW, Home Point Financial Corporation ("Home Point"), and files this Brief Regarding Plaintiff Danna Lee Otwell's standing to bring any claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, respectfully showing this Honorable Court as follows:

### RELEVANT FACTS

In the Pretrial Order entered on June 25, 2021, the Parties stipulated to the following facts, which are relevant to this brief:

　　　　1.　　On January 28, 2015, Joshua Otwell obtained a mortgage loan in the original principal amount of $235,554.00 from Southpoint Bank (the "Loan"). As evidence of the Loan, Joshua Otwell executed a promissory note in favor of Southpoint Bank (the "Note").

　　　　2.　　Danna Lee Otwell did not sign the Note and is not personally liable on the Note.

　　　　3.　　To secure repayment of the Loan and Note, Joshua Otwell and Danna Lee Otwell executed a mortgage (the "Mortgage")

for the property located at 525 Fern Creek Drive, Springville, Alabama 35146 (the "Property").

[Doc. 58] at pp. 3-4.

At the Pretrial Conference on June 23, 2021, the Court directed that the Parties submit briefs within 10 days regarding the defense set forth by Home Point that Danna Lee Otwell lacks standing to bring a claim under RESPA because she is not a party to the Note and not liable on the Loan.

## ARGUMENT AND CITATION OF AUTHORITY

A private cause of action under RESPA is afforded under 12 U.S.C. § 2605(f). Under that subsection, "[w]hoever fails to comply with any provision of this section shall be liable to *the borrower* for each such failure . . ." (emphasis added). The term "borrower" is not defined by RESPA. *See* 12 U.S.C. § 2602. However, the great majority of courts, including the Eleventh Circuit (in an unpublished decision), have concluded that only those who signed the promissory note are "borrowers" under RESPA. *See Keen v. Helson*, 930 F.3d 799, 804 n.3 (6th Cir. 2019) (citing *Barzellis v. Flagstar Bank, F.S.B.*, 784 F.3d 971, 977 (5th Cir. 2015); *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11tth Cir. 2010)); *Garassio v. Selene Fin., LP*, 407 F. Supp. 3d 110, 117 (N.D.N.Y. 2019) (citing *Sharp v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-369, 2015 WL 4771291, at *6 (D.N.H. Aug. 11, 2015); *Singh v. Wells Fargo Bank, N.A.*, No. 2:11-CV-0401, 2011 WL 2118889, at *4 (E.D. Cal. May 27, 2011); *Wilson v. JPMorgan*

*Chase Bank, N.A.*, No. 2:09-CV-863, 2010 WL 2574032, at *9 (E.D. Cal. June 25, 2010)).

A number of these cases – *Keen*, *Sharp*, *Singh*, and *Wilson* – involved facts nearly identical to the instant case. In those cases, a husband and wife (or two related parties) signed the security instrument because they were both on title to the property, but only one spouse was a signatory to the promissory note. *See Keen*, 930 F.3d at 801; *Sharp*, 2015 WL 4771291, at *1; *Singh*, 2011 WL 2118889, at *1; *Wilson*, 2010 WL 2574032, at *1. In all three cases, the courts held that the spouse who did not sign the promissory note lacked standing under RESPA because they were not a "borrower." This Court should pay particular attention to the Sixth Circuit's opinion in *Keen*, which is perhaps the most thorough discussion of the issue. In its holding, it concluded that the ordinary meaning of "borrower" prevails, and that only "someone who has taken a lender's money and promised to pay it back" can bring a RESPA claim. 930 F.3d at 804. The Sixth Circuit also noted that Courts of Appeals are in agreement on the issue and cited to just four district court opinions that came to an opposite conclusion, but found them to be "unpersuasive and distinguishable." *Id.* at 804 n.3.

Here, the Court is faced with a RESPA claim asserted by a husband and wife who both sighed the Mortgage, but only the husband signed the Note and is obligated to repay the debt. This Court should adopt the reasoning the above-cited

3

cases, particularly *Keen*, and find that Danna Lee Otwell lacks standing to assert a RESPA claim because she is not a "borrower".

## CONCLUSION

Based on the foregoing, Home Point respectfully requests that this Court dismiss the RESPA claim asserted by Danna Lee Otwell.

Respectfully submitted, this 2nd day of July, 2021.

>  */s/ Bret J. Chaness*
> Timothy P. Pittman (ASB-0075-I51P)
> Bret J. Chaness (*pro hac vice*)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> Tel:   (678) 281-2730
> Fax:   (470) 508-9203
> tpittman@rlselaw.com
> bchaness@rlselaw.com
> *Attorneys for Home Point*

## CERTIFICATE OF SERVICE

I, Bret J. Chaness, certify that on July 2, 2021, a true and correct copy of the foregoing was served upon all parties as follows:

> John G. Watts                                         *via CM/ECF email*
> M. Stan Herring
> Watts & Herring, LLC
> 301 19th Street North
> Birmingham, AL 35203
> john@wattsherring.com
> stan@wattsherring.com

>  */s/ Bret J. Chaness*
> BRET J. CHANESS