FILED
2021 Jul-12  PM 05:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| JOSHUA OTWELL and DANNA LEE OTWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME POINT FINANCIAL CORP.,<br><br>Defendant. | Case No. 4:19-cv-01120-ACA |

## DANNA LEE OTWELL'S RESPONSE IN OPPOSITION TO DEFENDANT'S BRIEF ON RESPA STANDING (Doc. 62).

Defendant's argument overlooks the controlling document -- the mortgage in this case.  In the mortgage, Defendant[1] defines Danna Lee Otwell as a "borrower" so there is no need to delve into Congressional intent or any other complex means of figuring out what the word "borrower" means.

It means "Danna Lee Otwell."

---

[1] The mortgage was actually created by "Southpoint Bank" but Defendant claims to have bought the loan/mortgage and so it is treated as if Defendant drafted the mortgage document.

And, even if Defendant was right that Plaintiff Danna Lee Otwell lacks standing[2], the proper course of action would be to remand her RESPA claim to Alabama state court from where it was removed (Doc. 1 Notice of Removal).

**The statute at issue -- Real Estate Settlement Procedures Act (RESPA) --**
**does not define the word "borrower"**
**but the Mortgage defines Danna Lee Otwell as a "Borrower."**

While we could look to dictionaries, attempt to divine congressional intent or talk about whether this statute should be construed liberally, etc., the simple way to answer the question of "Is Danna Lee Otwell a borrower?" is simply to look at the mortgage.

This approach is both logical and consistent with long standing Alabama law governing the interpretation of contracts. One court stated the principle this way:

> The cardinal principle in the interpretation of any contract is that **the intention of the parties should control**. 43 Am.Jur.2d, § 260 at 318; *Alabama Farm Bureau Mutual Casualty Insurance Company v. Goodman*, 279 Ala. 538, 188 So.2d 268 (1966). In ascertaining the intent of the parties, the terms used are to be taken in their plain, ordinary and popular sense if they are clear and unambiguous and have not acquired a technical meaning. 43 Am.Jur.2d, § 265 at 324; *Franklin Life Ins. Co. v. Lewis*, 36 Ala. App. 313, 55 So.2d 518 (1951); *Universal Underwriters Ins. Co. v. Marriott*, 286 Ala. 231, 238 So.2d 730 (1970); *Alabama Farm Bureau Mutual Cas. Ins. Co. v. Goodman*, supra. **If doubt arises as to the meaning of the terms used, then they will be**

---

[2] Doc. 62 is entitled "HOME POINT FINANCIAL'S BRIEF REGARDING RESPA **STANDING**" and starts off, "COMES NOW, Home Point Financial Corporation ("Home Point"), and files this Brief Regarding Plaintiff Danna Lee Otwell's **standing** to bring any claims under the Real Estate Settlement Procedures Act, 12 U.S.C. 2601..." (Emphasis added).

> **interpreted against the party who has drawn the contract**. 43
> Am.Jur.2d, § 271 at 329; *Trans-Continental Mutual Insurance
> Company, Inc. v. Harrison*, 262 Ala. 373, 78 So.2d 917 (1955);
> *State Farm Mutual Automobile Insurance Co. McInnish*, 284 Ala.
> 492, 226 So.2d 149 (1969).

*United States Fidelity & Guaranty Corp. v. Elba Wood Products, Inc.*, 337 So. 2d
1305, 1307-08 (Ala. 1976)(emphasis added).

For the purposes of determining the intent of the parties, the January 28,
2015, mortgage[3] is the key document as it controls everything related to the
foreclosure of the property.

The mortgage uses the word "borrower" dozens and dozens of times.

*So who is the "borrower" under the very terms of the subject mortgage?*

Page 8 of the mortgage makes this very clear:

> BY SIGNING BELOW, Borrower accepts and agrees to
> the terms contained in pages 1 through 9 of this Security
> Instrument and in any rider(s) executed by Borrower and
> recorded with it.

The first signature is: "Joshua Blake Otwell" and he is listed as "Borrower."

The second signature is "Danna Lee Otwell" and she is also listed as
"Borrower."

So we know that when the mortgage says, "Borrower" it is actually referring
to Danna Lee Otwell (as well as Joshua Blake Otwell).

But does the mortgage contemplate RESPA at all?

---

[3] This document is attached and is pulled from Doc. 26-3 which is Defendant's exhibit related to
summary judgment.

Yes it does.

For example, on Page 2 (section 2), the mortgage references RESPA in the context of escrow and payments. This is continued on page 3. We find "borrower" and RESPA in the same sentences.

### What do the case decisions say about "borrower" and RESPA?

This year the Eleventh Circuit, in an unpublished decision, specifically stated the issue was not being addressed but did reference the *Keen* decision relied upon by Defendant. This is in footnote 3 on the last page:

> Because Caldwell was not personally obligated under the loan, **he likely was not a "borrower"** under the Act. <u>See</u> <u>12 U.S.C § 2605(f)</u> ("Whoever fails to comply with . . . this section shall be liable <u>to the borrower </u>for . . . any actual damages <u>to the borrower </u>. . . ." (emphasis added)); <u>see also Keen v. Helson</u>, 930 F.3d 799 (6th Cir. 2019) (holding that "a 'borrower ' under [section] 2605(f) is someone who is personally obligated under a 'federally related mortgage loan.'"). But because he failed to allege a causal link between the alleged violation of the Act and his actual damages, **we don't have to decide the "borrower" issue**. --------

*Caldwell v. Nationstar Mortg.*, No. 20-12984, at *10 n.3 (11th Cir. Mar. 31, 2021) (Emphasis added).

There is also an earlier Eleventh Circuit unpublished opinion in *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 874 (11th Cir. 2010) which stated,

> Johnson's amended complaint **fails to establish Article III standing**, <u>because Johnson was not a borrower or otherwise obligated on the Ocwen loan</u> and, therefore,

> **did not suffer an injury-in-fact**. *See Bennett*, 520 U.S.
> at 162, 117 S.Ct. at 1161; *Stalley ex rel. U.S. v. Orlando*
> *Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232
> (11th Cir. 2008) (explaining that plaintiffs complaint
> must allege, *inter alia*, "an injury in fact — a harm
> suffered by the plaintiff that is concrete and actual or
> imminent," to establish Article III standing[4]).

(Emphasis added).

*Keen v Helson*, 930 F.3d 799 (6th Cir. 2019) does hold that a "borrower" must be obligated on the note but there is no discussion of the very document that creates the RESPA obligation -- the mortgage.

*Keen* addresses contemporary dictionary meanings, Black's Law Dictionary, and the statute itself.  930 F.3d at 802-804.

*Keen* then addresses the consumer's arguments:  liberal construction canon, regulations, and policy.  930 F.3d at 804-806.

But nowhere does *Keen*, a non binding 6th Circuit decision, discuss when the mortgage defines the spouse as a "borrower" and requires the spouse to sign as the borrower -- the very word at issue in RESPA.

In *Nelkenbaum v. Caliber Home Loans, Inc.*, 18-CV-01848, at *7 (E.D.N.Y. Mar. 26, 2019), the court ruled:

> Further, Malky was named the "borrower" under the
> HAMP Modification Agreement and the Mortgage,
> which was one of two "Loan Documents" subject to the

---

[4] *Keen* does state this issue is not actually a standing issue but a merits issue. Even with this, Defendant has argued this is a standing issue and the only Eleventh Circuit case (unpublished *Johnson v Ocwen*) to rule on this issue does use the idea of standing from Article III.

> Modification Agreement. Accordingly, Malky is a "borrower" within the meaning of RESPA and Caliber's motion to dismiss her claim is denied.

Finally, here is a succinct discussion of this issue:

> The Real Estate Settlement Procedures Act was enacted to "provide consumers with greater information and protect them from certain abusive practices." First Fed. Sav. & Loan Ass'n v. Greenwald, 591 F.2d 417, 420 n.5 (1st Cir. 1979) (citing 12 U.S.C. §§ 2601 (2018)). Enacted pursuant to RESPA, 12 C.F.R 1024.41 - i.e., "Regulation X" - provides home-loan **borrowers** with various protections, see, e.g., 12 C.F.R. § 1024.41(b)(1), some of which Plaintiff accuses Chase of violating, (see Compl. ¶¶ 78, 84-85, 88-90, 131).
>
> Chase **argues its relationship to Plaintiff is not covered by Regulation X because she was not a party to the note**. **Plaintiff was, however, named as a "Borrower" in the mortgage and subject to the covenants therein**. (See Objection 18; Compl., Ex. 17, 1-5, 15, ECF No. 1-17.) **She can thus sue under Regulation X**. 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of [Regulation X] pursuant to section 6(f) of RESPA."); see also Frank v. J.P. Morgan Chase Bank, N.A., No. 15-cv-5811-LB, 2016 WL 3055901, at *4 (N.D. Cal. May 31, 2016) (finding Deed of Trust referring to plaintiff as "borrower" sufficient for RESPA to apply, though she did not sign promissory note).

*Abbatematteo v. Fed. Hous. Fin. Agency*, C.A. No. 17-331 WES, at *11-12 (D.R.I. July 17, 2018) (Emphasis added).

**If there is no standing, then Danna Lee Otwell's RESPA claim
must be remanded to state court**

If Defendant is right that Danna Lee Otwell lacks standing, then this
Honorable Court lacks subject matter jurisdiction over her claim and it must be
remanded to state court:

> We also take note, as did the First Circuit, of "**the literal
> words of § 1447(c), which, on their face, give . . . no
> discretion to dismiss, rather than remand , an action**."
> *Id.*, at 1054. The statute declares that, where subject
> matter jurisdiction is lacking, the removed case "*shall* be
> remanded." 28 U.S.C. § 1447(c) (emphasis added). We
> therefore reverse the decision of the Court of Appeals
> and remand the case to the District Court with
> instructions that the case be remanded to the Civil
> District Court for the Parish of Orleans, Louisiana.

*Primate Protection League v. Tulane Ed. Fund*, 500 U.S. 72, 89 (1991) (Bold
emphasis added, italics in original).

## CONCLUSION

Danna Lee Otwell is defined by the Defendant's mortgage as a "borrower" so she has standing to bring a RESPA claim. And even if Defendant is right that she lacks standing, then the proper course of action would be to remand her RESPA claim back to Alabama state court where it was removed from.

Respectfully Submitted,

*/s/ John G. Watts*
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the following:


Timothy P. Pittman
Rubin Lublin, LLC
200 Clinton Avenue West, Suite 406
Huntsville, Alabama 35801
tpittman@rlselaw.com

Bret J. Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
bchaness@rlselaw.com

Attorneys for Defendant


                                        /s/ John G. Watts
                                        OF COUNSEL